

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 869 |
| ) | Judge Robert W. Gettleman |
| SOUTH SHORE SUPERMARKET, INC. ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)  On December 28, 2007, an information was filed charging defendant SOUTH SHORE SUPERMARKET, INC. with wire fraud violations pursuant to the provisions of 18 U.S.C. § 1343;

(b)  The information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c)  On February 7, 2008, pursuant to Fed R. Crim. P. 11, defendant SOUTH SHORE SUPERMARKET, INC. entered a voluntary plea of guilty to Count Five of the information, charging it with a violation of 18 U.S.C. § 1343, thereby making the certain property subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d)  Pursuant to the terms of its plea agreement, as a result of its violation of 18 U.S.C. § 1343, to which defendant SOUTH SHORE SUPERMARKET, INC. has pleaded guilty, the defendant agreed that the following property is subject to forfeiture to the United States pursuant

to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violation. The property subject to forfeiture includes, funds in the amount of $47,193.05, including specifically (i) funds in the amount of $45,228.05 seized from Marquette National Bank of Chicago account XX810 held in the name of South Shore Supermarket, Inc. and (ii) $1,965 in currency seized from South Shore Supermarket on October 2, 2002. Pursuant to the terms of its plea agreement, defendant SOUTH SHORE SUPERMARKET, INC. further agreed to the entry of a preliminary order of forfeiture against the aforementioned property;

(e)   Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and to the terms of the plea agreement, the United States seeks forfeiture of all right, title, and interest defendant SOUTH SHORE SUPERMARKET, INC. has in the foregoing property, for disposition according to law;

(f)   Because the above property is subject to forfeiture, the government requests that this Court enter a preliminary order of forfeiture, on or before the defendant's sentencing date, so that the property may be disposed of according to law.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.   That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2 all right, title and interest of defendant SOUTH SHORE SUPERMARKET, INC. in funds in the amount of $47,193.05, including specifically (i) funds in the amount of $45,228.05 seized from Marquette National Bank of Chicago account XX810 held in the name of South Shore Supermarket, Inc. and (ii) $1,965 in currency seized from South Shore Supermarket on October 2, 2002, is hereby forfeit to the United States of America for

disposition according to law. It is further ordered;

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Department of Treasury shall be authorized to seize and take custody of the foregoing property for disposition according to law;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Department of Treasury shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury

5. That, following the Court's disposition of all third parties interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
ROBERT W. GETTLEMAN
United States District Judge

DATED: MARCH 18, 2008