# UNITED STATES DISTRICT COURT

__Northern__ District of __Illinois - Eastern Division__

UNITED STATES OF AMERICA
V.

**SOUTH SHORE SUPERMARKET**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 07 Cr 869 -1

USM Number: none

Linda Babich
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)   5 of the criminal information

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18  1343 | caused to be transmitted an electronic transfer of funds for the purpose of executing a scheme to defraud | Oct. 4, 2002 | 5 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)   Remaining counts of the information   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 25, 2008
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Judge ROBERT W. GETTLEMAN
Name and Title of Judge

April 25, 2008
Date

DEFENDANT: SOUTH SHORE SUPERMARKET
CASE NUMBER: 07 Cr 869 -1

## PROBATION

The defendant is hereby sentenced to probation for a term of:
ONE (1) YEAR.
Defendant is to make restitution in the amount of $196,163.00.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment — Page 3 of 4

DEFENDANT: SOUTH SHORE SUPERMARKET
CASE NUMBER: 06 Cr 662 -4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ ---- | $ 193,163.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| USDA Food and Nutrition Service, Management and Accounting Division, 3101 Park Center Drive room 724, Alexandria Virginia 22302 |  | $ 193,163.00 |  |
| **TOTALS** | $ 0 | $ 193163 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the ☐ fine ☐ restitution.

　☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __4__ of __4__

DEFENDANT: SOUTH SHORE SUPERMARKET
CASE NUMBER: 07 Cr 869 -1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __196,563.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The costs of incarceration and supervised release are waived.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 869 |
| ) | Judge Robert W. Gettleman |
| SOUTH SHORE SUPERMARKET, INC. ) | |

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On December 28, 2007, an information was filed charging defendant SOUTH SHORE SUPERMARKET, INC. with wire fraud violations pursuant to the provisions of 18 U.S.C. § 1343;

(b) The information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On February 7, 2008, pursuant to Fed R. Crim. P. 11, defendant SOUTH SHORE SUPERMARKET, INC. entered a voluntary plea of guilty to Count Five of the information, charging it with a violation of 18 U.S.C. § 1343, thereby making the certain property subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) Pursuant to the terms of its plea agreement, as a result of its violation of 18 U.S.C. § 1343, to which defendant SOUTH SHORE SUPERMARKET, INC. has pleaded guilty, the defendant agreed that the following property is subject to forfeiture to the United States pursuant

to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violation. The property subject to forfeiture includes, funds in the amount of $47,193.05, including specifically (i) funds in the amount of $45,228.05 seized from Marquette National Bank of Chicago account XX810 held in the name of South Shore Supermarket, Inc. and (ii) $1,965 in currency seized from South Shore Supermarket on October 2, 2002. Pursuant to the terms of its plea agreement, defendant SOUTH SHORE SUPERMARKET, INC. further agreed to the entry of a preliminary order of forfeiture against the aforementioned property;

(e) Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and to the terms of the plea agreement, the United States seeks forfeiture of all right, title, and interest defendant SOUTH SHORE SUPERMARKET, INC. has in the foregoing property, for disposition according to law;

(f) Because the above property is subject to forfeiture, the government requests that this Court enter a preliminary order of forfeiture, on or before the defendant's sentencing date, so that the property may be disposed of according to law.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2 all right, title and interest of defendant SOUTH SHORE SUPERMARKET, INC. in funds in the amount of $47,193.05, including specifically (i) funds in the amount of $45,228.05 seized from Marquette National Bank of Chicago account XX810 held in the name of South Shore Supermarket, Inc. and (ii) $1,965 in currency seized from South Shore Supermarket on October 2, 2002, is hereby forfeit to the United States of America for

disposition according to law. It is further ordered;

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Department of Treasury shall be authorized to seize and take custody of the foregoing property for disposition according to law;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Department of Treasury shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury

5. That, following the Court's disposition of all third parties interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_Robert W. Gettleman_
_____
ROBERT W. GETTLEMAN
United States District Judge

DATED: MARCH 18, 2008